UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN THOMAS PALMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARYVILLE POST HOUSE RECOVERY CENTER<br><br>　　　　　Defendant. | Civil Action No. 1:22-cv-01889<br><br>**ORDER** |

**O'HEARN, District Judge.**

Plaintiff John Thomas Palmer filed a pro se complaint and an application to proceed without prepayment of the filing fee, or *in forma pauperis* ("IFP"), on April 4, 2022. (Compl., ECF No. 1; ECF No. 1-3). Upon reviewing the application, the Court agrees that Plaintiff is unable to pay the filing fee and will grant his application.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), however, the Court will dismiss Plaintiff's complaint *sua sponte* because it fails to state a claim over which a federal court would have subject matter jurisdiction.

Although the Court construes pleadings filed by a *pro se* plaintiff liberally and holds them to a less stringent standard that those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "pro se litigants must allege sufficient facts in their complaint to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019). The Federal Rules of Civil Procedure require that to state a valid claim for relief, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Furthermore, if at any time a court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P.

1

12(h)(3). Subject matter jurisdiction also cannot be waived. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

This is the third complaint that Plaintiff has filed against Defendant for alleged injuries following a slip and fall accident on Defendant's premises.[1] Plaintiff's first and second complaints were dismissed for Plaintiff's failure to state a claim over which a federal court would have subject matter jurisdiction.[2] Here, Plaintiff again has not indicated any basis for this Court's exercise of subject matter jurisdiction over his claim and jurisdiction is not otherwise apparent from review of the complaint. (Compl., ECF No. 1). Specifically, in Section II of Plaintiff's complaint, Plaintiff failed to identify the basis of federal jurisdiction for his claim. (ECF No. 1). Further, Plaintiff's complaint appears to be predicated entirely on a traditional state law negligence cause of action and there is no indication of potential federal question jurisdiction under 28 U.S.C. § 1331. To the extent that Plaintiff is seeking to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff has not presented any facts to support a finding of complete diversity between the parties and an amount in controversy over $75,000. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000.") (citations omitted). Accordingly, the Court must dismiss the action pursuant to 28 U.S.C. § 1915(e)(2) because the action fails to state a claim over which this Court would have subject matter jurisdiction.

---

[1] *Palmer v. Maryville of Pemberton*, No. 1:21-cv-20000 (dismissed on Dec. 20, 2021 for failure to state a claim over which a federal court would have subject matter jurisdiction); *Palmer v. Maryville Posthouse Addiction Treatment Center*, No. 1:22-cv-01327 (dismissed on Mar. 16, 2022 for the same reason).

[2] *Id.*

**IT IS** on this 8th day of April, 2022;

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-1), is **GRANTED**, and the Complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted; and it is further

**ORDERED** that this matter is now **CLOSED**.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**